## Case No. 4,670.

FARMERS' TRUST & CANAL BANK v.
KETCHUM et al.

[4 McLean, 120.][1]

Circuit Court, D. Michigan. June Term, 1846.

Mr. Barstow, for complainants.
Mr. Romeyn, for defendants.

OPINION OF THE COURT. By consent of parties, and on a stipulation made by the counsel on both sides, a decree was entered on which the mortgaged premises were sold. At a subsequent period, a bill of review was filed [Case No. 7,736], alleging, as ground of error, apparent on the face of the decree, that the court had not jurisdiction, as between the parties on the record, to wit, that one of the complainants, the Farmers' Loan and Trust Company, is of the same state as the president and directors of the company of the Canal Bank, who are made defendants. On this ground the decree was reversed and annulled; and the court gave leave to amend the bill, by making the Canal Company Bank a co-complainant, instead of defendant. And now a motion is made to set aside the former stipulation on the grounds, 1. That it was made before the reversal of the decree, when the parties to the record stood in a different relation to each other from the one they now bear, since the amendment. 2. Because Mr. Romeyn, the counsel for the Canal Bank, was not authorized to make the stipulation.

If Romeyn was counsel, he had power to make the stipulation. If set aside, it must be on the ground of unfairness or mistake, or on account of the changed relations of the parties.

The Canal Bank is now a co-complainant instead of being a co-defendant. This

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

change does not compromit or change the rights of the parties. If all the parties in interest are before the court, the court can decree in accordance with their interests. It is not unfrequent in such cases to decree that party defendants, or complainants, shall release or pay to each other, as their equities shall require. The rights, therefore, of the Canal Bank not being compromitted by the amendment of the bill, no reason is perceived on this ground to set aside the stipulation. Mr. Romeyn swears that he was counsel, and the court, under the circumstances, are bound to consider him as such. There is no allegation of unfairness, or professional impropriety in entering into the stipulation. The court will, therefore, overrule the motion. Afterward, another and somewhat different arrangement was made by the parties.